IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-10851
Summary Calendar

RICHARD A CHICHAKLI

Plaintiff-Appellant

v.

ADAM SZUBIN, Director, Office of Foreign Assets Control of the United
States Department of the Treasury, in his official capacity; JOHN SNOW,
SECRETARY, DEPARTMENT OF TREASURY, in his official capacity;
CONDOLEEZZA RICE, SECRETARY, DEPARTMENT OF STATE, in her
official capacity; OFFICE OF FOREIGN ASSETS CONTROL

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
3:06-CV-1546-N

Before STEWART, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Richard Chichakli challenged a "Blocking Notice"

issued by the Office of Foreign Assets Control ("OFAC"). He asserts the Blocking

Notice was unconstitutional and the evidence was insufficient to support entry

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of the Notice against him. The district court granted summary judgment on all claims in favor of Defendants. We affirm the district court except for the ruling regarding a taking. We vacate that part of the judgment, as explained below.

In July 2004, President Bush issued Executive Order 13348, which declared a national emergency with respect to Liberia. Important for purposes of this appeal, the Executive Order authorized the freezing of the assets of 28 individuals who were deemed to be contributing to the unstable situation in Liberia as well as anyone found "acting or purporting to act for or on behalf of, directly or indirectly, any person whose property and interests in property are blocked pursuant to this order." Viktor Bout was one of the individuals specifically listed in the Order. After an investigation, OFAC determined that Appellant Chichakli was acting on behalf of Bout. A Blocking Notice was issued, subjecting Chichakli to the sanctions set out in the Executive Order. After OFAC denied reconsideration of the denial, Chichakli filed this suit, asserting violations of his due process rights, of the Takings Clause, and of the Administrative Procedures Act.

We review the district court's summary judgment de novo, applying the same test as the district court. XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd., 513 F.3d 146, 148 (5th Cir. 2008). Therefore, judgment is properly entered if the summary judgment record shows that there is no material fact issue and that the movant is entitled to judgment as a matter of law.

We consider each of Chichakli's claims. The first is an alleged violation of Fifth Amendment due process rights. Chichakli argues that he was entitled to notice and a hearing before the government froze his assets. The due process clause generally requires notice and a hearing prior to a constitutional deprivation, yet "procedural due process is a flexible concept whose contours are shaped by the nature of the individual's and the state interests in a particular deprivation." Patel v. Midland Mem'l Hosp. and Med. Ctr., 298 F.3d 333, 339

(5th Cir. 2002) (citation omitted). A post-deprivation process will suffice in exigent circumstances. Beck v. Lynaugh, 842 F.2d 759, 761 (5th Cir. 1988).

The district court held (1) that the pre-notice deprivation was necessary to secure an important government interest as demonstrated by the Executive Order that declared conditions in Liberia to be a serious threat to the foreign policy of the United States, (2) that there was a special need for prompt action to protect against the transfer of the assets that were subject to the Executive Order, and (3) that the Executive Order narrowly set out the criteria that the Treasury Department could use to identify affected individuals to ensure that the deprivation was not baseless. Bd. of Governors of Fed. Reserve Sys. v. DLG, 29 F.3d 993, 1001 (5th Cir. 1994). Because of the need for prompt action in these circumstances, and the availability of post-deprivation avenues to challenge the deprivation, there were exigent circumstances justifying the holding of a hearing only after Chichakli's assets were frozen.

Chichakli's second claim is that the Government's actions in freezing his assets constituted an unconstitutional taking without compensation in violation of the Fifth Amendment. The district court held that OFAC's blocking action was not a taking within the meaning of the Fifth Amendment because title to the property never vested in the government.

On appeal, the Government suggests we vacate this part of the order because the district court lacked jurisdiction. The Government points out that the Tucker Act grants the Court of Federal Claims exclusive jurisdiction over takings claims against the United States that seek monetary damages in excess of $10,000. See 28 U.S.C. § 1346(a)(2). To the extent Chichakli seeks damages greater than $10,000, the Government is correct. Paradissiotis v. Rubin, 171 F.3d 983, 989 (5th Cir. 1999).

It is not clear from the face of the Complaint that Chichakli is seeking greater than $10,000 in damages. Nonetheless, Chichakli alleged that the

blocking order had the effect of destroying his business, freezing all of his accounts, depriving him of his automobile, and preventing use and collection of rents from rental property for over two years. These allegations, along with Chichakli's failure to dispute the Government's allegation that his claim is in excess of $10,000, justify a finding that his claim is for at least $10,000. It therefore falls under the exclusive jurisdiction of the Court of Federal Claims.

Because the district court did not have jurisdiction to decide this issue, we vacate the district court's judgment as it relates to Chichakli's takings claim under the Fifth Amendment.

Chichakli's final challenge is to the sufficiency of the evidence that he was purporting to act on behalf of Viktor Bout. We review OFAC's designation of him as someone who was assisting Bout for whether the determination was "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." Kinder Canal Co., Inc. v. Johanns, 493 F.3d 543, 547 (5th Cir. 2007). Chichakli's specific challenge is to the relevance and reliability of certain information utilized by OFAC to justify the blocking order. The district court pointed out that the evidence supports the conclusions that Chichakli held senior level positions in several businesses connected with Bout, that Chichakli had a close relationship with Bout, and that he had intimate knowledge of Bout's businesses. Therefore, the district court correctly held that OFAC did not act in an arbitrary and capricious manner in determining that Chichakli acted for or on behalf of Viktor Bout.

AFFIRMED in part and VACATED in part.