**Richard A. CHICHAKLI, Appellant**

v.

**Barack Hussein OBAMA, President of the United States of America in his official capacity, et al., Appellees.**

**No. 14–5310.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 17, 2015.

Richard A. Chichakli, Brooklyn, NY, pro se.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

BEFORE: ROGERS, TATEL, and PILLARD, Circuit Judges.

***JUDGMENT***

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed November 26, 2014, be vacated and the case be remanded for further proceedings consistent with this judgment. The district court correct-

ly determined 'appellant's claims are barred by res judicata, or claim preclusion, insofar as they challenge the Blocking Notice issued by the Office of Foreign Assets Control (OFAC) on April 22, 2005, and upheld in *Chichakli v. Szubin,* 546 F.3d 315 (5th Cir.2008). *See Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC,* 569 F.3d 485, 490 (D.C.Cir.2009). In dismissing the case in its entirety, however, the district court's opinion did not explicitly address the complaint's additional allegations including, for example, that (1) the application of 2007 regulations implementing Executive Order 13348 violates the Ex Post Facto Clause or has an impermissible retroactive effect, and (2) OFAC has not properly handled appellant's license applications for the release of blocked funds. We remand for the court to consider the full breadth of appellant's claims.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.